Opinion by WALKER, J. There was no dispute about the facts. The Government chemist, after analysis of a sample, stated it consists of wool wax, is 100 percent derived from wool grease, and is similar in all material respects to that the subject of *Biersdorf* v. *United States* (T. D. 48230). The record in said case ·was incorporated herein. However, it was found in view of section 601(c) (8) (C) of the Revenue Act of 1932, as amended by section 702 (a) of the Revenue Act of 1938, that it is an article (wool wax) 100 percent of the quantity by weight of which is derived directly from one of the products specified in the said paragraph, to wit, inedible animal grease, wool grease, and that there does not appear to be present in it any oil, fat, or grease which is a natural component of such article and which never had a separate existence as an oil, fat, or grease, and therefore it is not subject to the prohibition covered by said provision. It was held that the merchandise in question bears a tax at the full rate imposed on wool grease, i. e., 3 cents per pound, as assessed. The protest was therefore overruled.

**No. 49019.**—Protests 987539–G, etc., of Lun Tai & Co. (Los Angeles).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained.

**No. 49020.**—Protests 986119–G, etc., of Chong Lung & Co. et al. (New York).

Opinion by COLE, J. The merchandise was classified and claimed dutiable· at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained.

**No. 49021.**—Protests 699764–G, etc., of John Randles, Inc. (New York).

Opinion by COLE, J. The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247). In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5. The protests were sustained.

**No. 49022.**—Protests 830879–G, etc., of Nordmark Chemical Works, Inc. (New York).

Opinion by Cole, J.   The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247).   In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5.   The protests were sustained.

**No. 49023.**—Protests 965535–G, etc., of Lun Tai & Co. (San Francisco).

Opinion by Cole, J.   The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43, C. A. D. 247).   In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5.   The protests were sustained.

**No. 49024.**—Protests 8049–K, etc., of T. H. Lung Co. et al. (Boston).

Opinion by Cole, J.   The merchandise was classified and claimed dutiable at the same rates and under the same paragraphs as similar merchandise covered by the decision in *Quong Yuen Shing Co.* v. *United States* (31 C. C. P. A. 43; C. A. D. 247).   In accordance with stipulation of counsel and on the authority of said cited case the merchandise at bar was found to contain salt and was therefore excluded from paragraph 5.   The protests were sustained.

BEFORE THE SECOND DIVISION, DECEMBER 9, 1943

**No. 49025.**—Protests 505693–G, etc., of James A. Hearn & Son, Inc., et al. (New York).

Opinion by Kincheloe, J.   Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 49026.**—Protests 95252–K, etc., of Thorens, Inc., et al. (New York).

Opinion by Lawrence, J.   The protests were dismissed.

BEFORE THE THIRD DIVISION, DECEMBER 9, 1943

**No. 49027.**—Protest 99588–K of S. Nathan & Co., Inc. (New York).

Opinion by Cline, J.   When the case was called for trial there was no appearance on the part of the plaintiff.   An examination of the record failed to disclose any evidence in support of the claim made.   The protest was therefore overruled.